91  279
157a 683

91h 279
53ad484

CATHARINE MANNING, Respondent, *v.* THE ATLANTIC AVENUE RAILROAD COMPANY of Brooklyn, Appellant.

*Negligence — credibility of witnesses is for the jury — place of the physical injury and positions of the witnesses, considered.*

In an action brought to recover damages resulting from injuries caused by the alleged negligence of the defendant, the real issue was whether a car belonging to the defendant started while the plaintiff was endeavoring to get upon the rear platform. The contention of the defendant was that the car did not stop, and that the plaintiff slipped and fell, and upon this question the greater number of witnesses were with the defendant.

*Held,* that the jury were better judges of the credibility of the witnesses than the appellate court, and that their verdict should not be disturbed;

That the jury had a right to consider the place upon the plaintiff's body of her injuries, these having been exhibited to the jury, and also the positions in which the witnesses who testified claimed to have stood.

APPEAL by the defendant, The Atlantic Avenue Railroad Company of Brooklyn, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 8th day of April, 1895, upon the verdict of a jury rendered after a trial at the Kings County Circuit, and also from an order entered in said clerk's office on the 5th day of April, 1895, denying the defendant's motion for a new trial made upon the minutes.

*James C. Bergen,* for the appellant.

*Foster L. Backus,* for the respondent.

PRATT, J.:

This is an appeal from a judgment entered upon the verdict of a jury. The action was brought to recover damages for injuries alleged by the plaintiff to have been received as a result of the sudden starting of one of the defendant's cars while the plaintiff was boarding it from the rear platform. The defense is that the car did not start, but that plaintiff slipped and fell. Of the fact that the plaintiff did fall and was injured there is no dispute.

The principal ground urged by the appellant for reversal is that the verdict was against the weight of evidence. It is not sufficient to reverse a judgment, upon the ground that the jury has found a verdict against the weight of evidence, that the court, had it been sitting as a jury, would have rendered a different verdict. It is true that the defendant had a greater number of witnesses than the plaintiff, but the jury had the right to believe a less number of witnesses. They were better judges of the credibility of the witnesses than the court, which has before it simply the testimony as printed in the appeal book.

The case is in a nutshell. The simple question is whether the car started while the plaintiff was trying to get upon the rear platform. The jury had the right not only to consider the sworn testimony, but it also had the right to weigh all the facts and circumstances of the case. The places upon the plaintiff's body where she was injured, which were exhibited to the jury, and the positions in which the witnesses claimed to have stood, were all facts to be considered by the jury in arriving at a verdict.

The plaintiff claimed that just as she was stepping upon the car it started; and her witnesses testified that the car started, moved ten feet and then stopped; and the witness Fragner, who testified for the defendant, stated that the car was standing still while she was being lifted up and carried away. But there was evidence in the case that Fragner did not arrive upon the ground until after the car had started and the woman had fallen. Fragner corroborated the plaintiff's witness, Bell, in swearing that the car was opposite an iron post, while the defendant claimed that the car was upon the crosswalk, where it stopped to receive the plaintiff.

We do not think that there was such a preponderance of evidence in favor of the defendant as to justify a reversal upon the ground

that the verdict was against the weight of evidence. We have examined the exceptions in the case and are of the opinion that they are not well taken. The question put to the witness Fragner, as to where the car stood when he arrived at the scene of the accident after it occurred, was competent and relevant. If the car stopped at the crosswalk, and when Fragner arrived the car was not upon the crosswalk, but was opposite an iron post, the question was very material as showing that the car must have started after it first stopped.

The judgment must be affirmed, with costs.

BROWN, P. J., concurred; DYKMAN, J., not sitting.

Judgment affirmed, with costs.